GIROLIMO DONADI v. THE NEW YORK STATE MUTUAL
INSURANCE COMPANY.

Where, upon a motion, made by a corporation, to vacate a judgment for irregu-
larity, conflicting affidavits and declarations of the agent on whom the
summons was served, were produced, from which it would seem that he was
not a "managing agent," but which left in doubt the nature and extent of
his agency; *held*—on appeal from an order denying the motion, with costs,
and with leave to renew upon further affidavits—that the order should be
affirmed, and the corporation be required to establish the irregularity clearly,
it being within their power to show the precise relations of the agent to-
wards them.

THIS was an action against an insurance company located
in the county of Wayne, in this state, and was commenced
by serving a summons upon one Van Wart, the agent, in the
city of New York, of several distant corporations.

A judgment having been entered by default, the defend-
ants, in December, 1853, obtained an order to show cause
why it should not be vacated for irregularity. The applica-
tion was founded upon an affidavit of Van Wart, that he had
never been the "managing agent" of the company, but sim-
ply a special agent in this city, and that he had resigned his
post before the date of the alleged service. Further affidavits
stated corroborative declarations on his part, and an attorney
in the cause deposed, upon information and belief, to the
same effect. No affidavit was produced from any officer of
the company.

The hearing, on the order to show cause, took place at the
end of January following, when the plaintiff read an explana-
tory affidavit from Van Wart, averring that his resignation was
in fact never accepted—that an officer of the defendants had
requested him to continue his agency, to which he had con-
sented, for the purpose of closing their affairs in this city—
that subsequently to the service of the process, he had acted
for them in investigating the origin of a fire—and that he had

promptly transmitted the summons to the company. Many of these statements were also corroborated by additional affidavits.

The court, at special term, refused to open the judgment, and awarded costs of the motion to the plaintiff, with leave to the defendants to renew. The defendants appealed to the general term.

*Benjamin C. Thayer,* for the defendants, cited Code, § 134; *Brewster* v. *Michigan Railroad Company,* How. Pr. Rep. 183; *Flinn* v. *Hudson River Railroad Company,* 6 Id. 308.

*Patrick Callaghan,* for the plaintiff.

By THE COURT. WOODRUFF, J.—I am not satisfied that Van Wart, upon whom the summons in this cause was served, ever was the "managing agent" of the defendants, within the meaning of § 134 of the Code of Procedure. Still less, that he was such "managing agent" after he had re-signed his agency, although he consented to act as agent "*to settle their business in New York.*" But his relation to the company, and the extent of his agency and powers, are so imperfectly disclosed by the affidavits—and the affidavits of Van Wart himself, upon which the motion was founded, are so thoroughly impeached by his own counter affidavit, that I think the court at special term very properly refused to set aside the judgment, upon the single ground specified in the order to show cause. The defendants were, I think, properly required to establish the irregularity more clearly, especially when it is obviously within *their* power to show what was the precise nature and extent of Van Wart's agency for them in this city. An opportunity was given to the de-fendants to do this, by renewing their motion, if so advised. And I think the order should be affirmed, with $10 costs.

Order affirmed accordingly.